ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* FERGUSON.

Opinion delivered March 12, 1898.

NEGLIGENCE—INJURY TO EMPLOYEE AT TURNTABLE.—Plaintiff, an expe-
rienced employee of a railroad company, according to directions of his
foreman, attempted to go on the pay car to receive his pay at a time
when the turntable on which the car was standing was slowly moving.
Another employee, in getting off the car, accidentally struck plaintiff,
and caused him to fall, so that his foot was mashed between the rail
of the turntable and the rail of the track. Plaintiff was not compelled
to go on the car while on the turntable by fear of any penalty for fail-
ure to do so, since he would have been paid elsewhere before the car

left the station. *Held* that the company was not guilty of negligence. (Page 129.)

Appeal from Miller Circuit Court.

RUFUS D. HEARN, Judge.

*Dodge & Johnson*, for appellant.

Plaintiff was guilty of contributory negligence. The facts being admitted, it became a question of law as to whether there was negligence or not. 61 Ark. 555; 52 Ark. 410. It was error for the court to refuse to instruct a verdict for defendant. It was error to instruct the jury as to the duty of appellant to provide a safe place for the paying off of its employees, because, when the evidence shows that the plaintiff could and did see the danger in time to avoid it, he is held to have assumed the risk, if he did not attempt to so avoid it. 46 Ark. 388; *ib*. 567; 59 Ark. 479; 56 Ark. 192; *ib*. 178; *ib*. 237.

*Scott & Jones*, for appellee.

Appellant is liable, if it was negligent, notwithstanding the negligence of a fellow servant may have been the immediate or direct cause of the injury. 54 Ark. 289; 58 Ark. 217; 35 Ill. 217; 106 U. S. 700; 95 N. Y. 546; 10 Gray, 274; 3 Vroom, 151; 46 Wis. 497; 135 Mass. 575; 61 Ark. 152–3. It was not negligence *per se* on the part of appellee to attempt to board the car, even though he knew that the car was placed on the turntable for the purpose of being moved. The act must have been necessarily or inevitably dangerous. Wood, Mast. & Serv. (2 Ed.) 739–740; 76 Pa. St. 389; 46 Mo. 163; 7 H. & N. 937; 106 Mass. 282; 110 Mass. 240; 60 N. Y. 607; 49 N. Y. 521; 53 N. Y. 549; 52 Ark. 368; 62 Ark. 109; 60 Ark. 438; 37 Ark. 526; 46 Ark. 423. The instructions given covered the case.

HUGHES, J. The appellee was an employee in the car department of the appellant, at Texarkana, Ark., and was injured by having his foot mashed between the rail of a turn table and the rail of the railway, as he was attempting to board a pay car, which had been placed on the turntable preparatory

to being turned and resuming its way north on the railroad track. The appellee charges in his complaint that he was injured through the negligence of the appellant in failing to have a safe place in which to pay its employees; that he was invited by the appellant to go upon the pay car, while on the turntable, to receive his pay; that while attempting to go upon the car he seized the railings on each side of the car, and that he put his foot on a step for the purpose of going upon the car when some one of the employees going 'on or off the car struck his arm, and broke his hold upon the step, and as he stepped back his foot was caught between the rail of the turntable and severely mashed, etc.

The answer of the appellant denied negligence, charged that plaintiff assumed the risk of injury in going upon the car, and that he was guilty of contributory negligence. Verdict and judgment for appellee, and appeal to this court by appellant.

The evidence shows that the employees were being paid off on the pay car, while it was on the turntable, and that this had been customary; that the appellee had been in the service of the railway company at Texarkana for fifteen months before the accident, and that he was a man 49 years of age, and was experienced and familiar with the custom of paying employees in that way, and had been for fifteen months; that he had gone there to be paid, being directed to do so by his foreman; that there were many employees crowding on and off the car to receive their pay, as their names were called, which was customary; that, when the appellee's name was called, he made an attempt to go upon the pay car by seizing the railings, and that at the time there were persons on the platform hurrying off, and, by some one striking his arm, his hold upon the railings was broken, which caused him to step back, and, as he did so, his foot was caught and mashed between the rail of the turntable and the rail of the track. The turntable was moving slowly at the time his foot was caught, and, if not moving at the time he started to go upon the car, it was at that instant about to move round, and it appears that the appellee understood this. The proof tends to show that the car was moving, as he first attempted to board it. If he had

used ordinary care, he should have known this, and he is chargeable with knowledge of it.

The danger of attempting to board the car under the circumstances, if there was any, was such that one using ordinary care would have known, and, as it appears that the appellee knew the turntable was moving, or that it was just about to move, at the time he first started to make the attempt to board it, he assumed the risk of injury from such attempt. It is not apparent that there was any negligence upon the part of the railway company, and if he was injured through the negligence of any one, it was either through his own want of ordinary care, or the act of a fellow servant, in striking his arm and breaking his hold upon the railings. In either event the company was not liable. He was not impelled to attempt to go upon the car, while on the turntable, by the fear of any penalty for failure to do so, or fear of the loss of any right, as the evidence shows he could or would have been paid elsewhere before the car left for Texarkana.

Reversed and dismissed.